1  WALTER K. OETZELL (State Bar No. 109769)
   WOetzell@dgdk.com
2  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
3  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
4  Facsimile:  (310) 277-5735

5  Attorneys for R. Todd Neilson
   Chapter 11 Trustee for the Estate of Ezri
6  Namvar, 2:08-bk-32349-BR

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11 In re                          ) Case No. 2:08-bk-32349-BR
                                  )
12 EZRI NAMVAR, an individual,    ) Chapter 11
                                  )
13         Debtors.               )
                                  )
14 _____ )
                                  )
   R. TODD NEILSON, as Chapter 11 ) Adv. No. _____
15 Trustee,                       )
                                  ) **COMPLAINT:**
16         Plaintiff,             ) **(1) TO AVOID AND RECOVER**
                                  ) **FRAUDULENT TRANSFERS;**
17    vs.                         ) **(2) FOR TURNOVER;**
                                  ) **(3) FOR UNJUST ENRICHMENT; and**
18 DANIEL NAMVAR, MALKA NAMVAR,   ) **(4) FOR IMPOSITION OF**
   SHIRAH NAMVAR, BENJAMIN NAMVAR,) **CONSTRUCTIVE TRUST**
19 WOODMAN PARTNERS, LLC, and DOES 1 )
   - 25,                          ) **Status Conference:**
20                                )
           Defendants.            ) Date:
21                                ) Time:
                                  ) Dept: Courtroom 1668
22                                )       255 E. Temple Street
                                  )       Los Angeles, CA 90012
23 _____ )

24

25 ///

26 ///

27 ///

28 ///

-1-

349722.01 [XP] 25184

## JURISDICTION AND PROCEDURAL BACKGROUND

1. This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A),(H) and (O), and this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue in this judicial district is appropriate pursuant to the provisions of 28 U.S.C. § 1409(a). To the extent that the Court may determine that the claims for relief herein are not core as defined by 28 U.S.C. § 157, the Plaintiff hereby consents to the entry of final orders or judgments by the Bankruptcy Court on all the claims herein.

2. R. Todd Neilson (the "Plaintiff") is the duly qualified and acting Chapter 11 trustee for the bankruptcy estate of Ezri Namvar (the "Estate"), in the Bankruptcy Case herein currently pending in the Central District of California as Case No. 2:08-bk-32349-BR entitled <u>In re Ezri Namvar, an individual</u> (the "Namvar Bankruptcy Case"). The Plaintiff brings this suit solely in his capacity as the Chapter 11 Trustee.

3. This bankruptcy case was commenced by the filing of an involuntary Chapter 11 petition against Ezri Namvar (the "Debtor") on December 22, 2008 (the "Petition Date").

4. An order for relief was entered as against the Debtor on January 29, 2009.

5. On March 11, 2009, the Bankruptcy Court entered an order approving the appointment of R. Todd Neilson as the chapter 11 trustee in the Namvar Bankruptcy Case.

6. The Plaintiff is informed and believes, and thereon alleges, that at all times material herein, the Debtor was insolvent.

-2-

349722.01 [XP] 25184

**PARTIES**

A. **The Corporate Defendant**

7. Plaintiff is informed and believes, and thereon alleges, that defendant Woodman Partners, LLC ("Woodman" or the "Corporate Defendants") is and at all times material herein was a limited liability company formed and operating under the laws of the State of California corporation and doing business in the County of Los Angeles, California.

8. The Plaintiff is informed and believes, and thereon alleges, that at the time of the Membership Transfers, as defined below, and thereafter, there was a unity of interest between the Corporate Defendants and Debtor such that the interest of justice and protection of creditors require the Court to ignore the separateness of the Corporate Defendants and Debtor and conclude that the Corporate Defendants and Debtor are alter egos of each other and each is responsible for the debts herein as alleged against each of them.

B. **The Individual Defendants**

9. Plaintiff is informed and believes, and thereon alleges, that defendant Daniel Namvar is an individual and at all times material herein was a resident of the County Los Angeles, California.

10. Plaintiff is informed and believes, and thereon alleges, that defendant Malka Namvar is an individual and at all times material herein was a resident of the County Los Angeles, California.

11. Plaintiff is informed and believes, and thereon alleges, that defendant Shirah Namvar is an individual and at all times

349722.01 [XP] 25184

Case 2:10-ap-01736-BR   Doc 1   Filed 04/20/10   Entered 04/20/10 16:20:52   Desc
Main Document      Page 4 of 14

material herein was a resident of the County Los Angeles, California.

12. Plaintiff is informed and believes, and thereon alleges, that defendant Benjamin Namvar (together with Daniel Namvar, Milka Namvar and Shirah Namvar, the "Individual Defendants," together with the Corporate Defendants, the "Defendants") is an individual and at all times material herein was a resident of the County Los Angeles, California.

13. The true names and/or capacities, whether individual, corporate, associate or otherwise, that the Plaintiff designated as Does 1 to 25, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. The Plaintiff will seek leave to amend this complaint when the true names and/or capacities of said Defendants have been ascertained. The Plaintiff is informed and believes and thereon alleges, that each of the Defendants designated herein by such fictitious names are responsible in some manner for the occurrences alleged in this Complaint, and are legally obligated to the Plaintiff for the reasons stated herein.

14. The Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, at all times material herein were the agents, employees, servants, co-venturers and/or legal representatives of each of the other Defendants, and that in doing the things herein alleged, the Defendants, and each of them, acted within the course and scope of said relationships and with the knowledge, permission, consent, ratification and/or adoption of the other Defendants, and each of them.

349722.01 [XP] 25184

## GENERAL ALLEGATIONS

### Debtor's Business and Pre-Bankruptcy Structure

15.  The Plaintiff is informed and believes, and thereon alleges, that prior to the Petition Date, Debtor was engaged in the business of real estate lending and investments through Namco Capital Group, Inc. and other entities.

16.  The Plaintiff is informed and believes, and thereon alleges that, historically, Namco borrowed funds on a secured or unsecured basis from various individuals and entities (the "Noteholders") pursuant to promissory notes payable by Namco, and the borrowed funds were then loaned to fund various real estate projects.  Prior to the Petition Date, a substantial portion of the funds borrowed from the Noteholders were loaned on an unsecured basis to real estate projects that are owned (in whole or in part) by various special purpose limited liability companies (the "LLCs"), many of which Debtor and/or members of Debtor's family, directly or indirectly hold some or all of the membership interests.

17. Plaintiff is informed and believes, and thereon alleges, that, at all times material herein, Debtor controlled the entities, the acts or omissions of which are relevant to the claims for relief set forth herein, and Debtor made or caused to be made the transfers which are the subject of the claims for relief set forth herein.

### THE TRANSFERS

18. Plaintiff is informed and believes, and thereon alleges, that beginning in or about January, 2003 and continuing, Debtor

made or caused to be made certain transfers to Defendants, including, without limitation, the following (collectively, the "Membership Transfers"):

    A.    The transfer of a 12.5% membership interest in Civil Palm, LLC to each of the Individual Defendants (the "Civic Palm Transfer");

    B.    The transfer of a 7% membership interest in Tri City Associates, the sole member of Wilbun 7, to each of Daniel Namvar, Malka Namvar, and Shirah Namvar (the "Tri City Transfer");

    C.    The transfer of a 7% membership interest Woodman Partners, LLC to each of Daniel Namvar, Malka Namvar, and Shirah Namvar (the "Woodman Transfer");

    D.    The transfer of a 7% membership interest in Wilshire 19, LLC, the sole member of Whittier 26, LLC, the sole member of Wilshire Bundy Holdings, LLC to each of Daniel Namvar, Malka Namvar, and Shirah Namvar (the "Wilshire 19 Transfer");

    E.    The transfer of 16.67% of Dimes, LLC, the sole member of Bundy Dimes, LLC and the sole member of W.N. Birdview Capital, LLC to each of Daniel Namvar, Malka Namvar, and Shirah Namvar (the "Dimes Transfer");

    F.    The transfer to Woodman Partners, LLC, of a 50% membership interest in Tri City Associates, LLC, the sole member of Wilbun 7, LLC (THE "Tri City Transfer");

    G.    The transfer to Woodman Partners of a 50% membership interest in Wilshire 19, LLC, the sole member of Whittier 26, LLC, the sole member of Wilshire Bundy Holdings (the "Woodman/Wilshire 19 Transfer");

349722.01 [XP] 25184

      H.   The transfer of a 25% membership interest in Beshmada, LLC to each of the Individual Defendants (the "Civic Beshmada Transfer");

19. Plaintiff is informed and believes, and thereon alleges, that at the times that each of the Membership Transfers were made, Debtor was insolvent or was rendered insolvent thereby.

20. Plaintiff is informed and believes, and thereon alleges, that the Membership Transfers, and each of them, were made without Debtor receiving fair consideration or reasonably equivalent value in exchange.

21. Plaintiff is informed and believes, and thereon alleges, that at the time of the Membership Transfers, and each of them, and at all times relevant hereto, there were actual creditors of the Debtor holding unsecured claims allowable with the meaning of §§ 502 and 544(b) of the Bankruptcy Code.

### FIRST CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers)**

**(Against All Defendants, and Does 1-25)**

22. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. Plaintiff is informed and believes, and thereon alleges, that the Membership Transfers and each of them, were made by the Debtor with the actual intent to hinder, delay, or defraud one or more of its creditors.

24. The Plaintiff is entitled to avoid the Membership Transfers, and each of them, pursuant to sections 544 and 548 of

-7-

the Bankruptcy Code, and California Civil Code section 3439.04(a). Furthermore, pursuant to section 550 of the Bankruptcy Code the Plaintiff is entitled to recover the property transferred under the Membership Transfers, and each of them, or the value thereof, in a sum of not less than the total amount of the Membership Transfers, and each of them, plus interest thereon as allowed by law.

### SECOND CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers)**

**(Against All Defendants, and Does 1-25)**

25. The Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 21, inclusive, and incorporates the same herein by this reference.

26. The Plaintiff is informed and believes, and thereon alleges, that Debtor made the Membership Transfers, and each of them, without receiving fair consideration or reasonably equivalent value in exchange.

27. The Plaintiff is informed and believes, and thereon alleges, that the Membership Transfers, and each of them, occurred at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent.

28. The Plaintiff is entitled to avoid the Membership Transfers, and each of them, pursuant to sections 544 and 548 of the Bankruptcy Code, and California Civil Code section 3439.05. Furthermore, pursuant to section 550 of the Bankruptcy Code the Debtor is entitled to recover the property transferred under the Membership Transfers, and each of them, or the value thereof, in a

-8-

349722.01 [XP] 25184

sum of not less than the total amount of the Membership Transfers, and each of them, plus interest thereon as allowed by law.

### THIRD CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfers)**

**(Against All Defendants and Does 1-25)**

29. The Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 21, inclusive, and incorporates the same herein by this reference.

30. The Plaintiff is informed and believes, and thereon alleges, that when the Debtor made the Membership Transfers, and each of them, each was engaged in, or was about to engage in, business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

31. The Plaintiff is entitled to avoid the Membership Transfers, and each of them, under sections 544 and 548 of the Bankruptcy Code and California Civil Code section 3439.04(b)(1). Furthermore, pursuant to section 550 of the Bankruptcy Code, the Debtor is entitled to recover the property transferred under the Membership Transfers, or the value thereof, of not less than the total amount of the Membership Transfers, and each of them, plus interest thereon as allowed by law.

349722.01 [XP] 25184

## FOURTH CLAIM FOR RELIEF

### (For Avoidance and Recovery of Fraudulent Transfers)

### (Against All Defendants, and Does 1-25)

32. The Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 21, inclusive, and incorporates the same herein by this reference.

33. The Plaintiff is informed and believes, and thereon alleges, that when the Debtor made the Membership Transfers, and each of them, each had already incurred, or believed or reasonably should have believed that he would incur, debts that would be beyond its ability to pay as such debts matured.

34. The Plaintiff is entitled to avoid the Membership Transfers, and each of them, under sections 544 and 548 of the Bankruptcy Code and California Civil Code section 3439.04(b)(2). Furthermore, pursuant to section 550 of the Bankruptcy Code, the Debtor is entitled to recover the property transferred under the Membership Transfers, and each of them, or the value thereof, in a sum of not less than the total amount of the Membership Transfers, and each of them, plus interest thereon as allowed by law.

## FIFTH CLAIM FOR RELIEF

### (For Turnover)

### (Against All Defendants, and Does 1-25)

35. The Plaintiff repeats and re-alleges the allegations in paragraphs 1 through 34, inclusive, and incorporates the same herein by this reference.

349722.01 [XP] 25184

36. The Plaintiff's interest in the Membership Transfers, and each of them, is property of the Debtor's bankruptcy estate that may be used by the Plaintiff.

37. The Plaintiff is entitled to a turnover from each of the recipients of the Membership Transfers, and each of them, of the amounts each recipient received.

### SIXTH CLAIM FOR RELIEF

(For Unjust Enrichment)

(Against All Defendants, and Does 1-25)

38. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 34, inclusive, and incorporates the same herein by reference.

39. As a result of the Membership Transfers, Defendants received a benefit and unjustly retained that benefit at the expense of Debtor, unsecured creditors, and each of them, in an amount to be proved at trial.

### SEVENTH CLAIM FOR RELIEF

(For Constructive Trust))

(Against All Defendants, and Does 1-25)

40. Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 34, inclusive, and incorporates the same herein by reference.

41. Plaintiff is informed and believes, and thereon alleges that Defendants hold or purport to hold legal title or interest, if any, to the Membership interests which are the subject of the

-11-

1  Membership Transfers subject to the Debtor's superior equitable
2  title.
3      42.   Plaintiff is informed and believes, and thereon alleges
4  that to the extent that Defendants, or any of them, hold or
5  purport to hold said title or interest, they hold the same as the
6  trustee of a constructive trust for the benefit of the Debtor and
7  the Estate.
8
9                         **EIGHTH CLAIM FOR RELIEF**
10                            (For Resulting Trust)
11                      (Against All Defendants, and Does 1-25)
12     43.   Plaintiff repeats and re-alleges the allegations in
13  Paragraphs 1 through 34, inclusive, and incorporates the same
14  herein by reference.
15     44.   Plaintiff is informed and believes, and thereon alleges
16  that to the extent that Defendants hold or purport to hold legal
17  title or interest, if any, to the Membership interests which are
18  the subject of the Membership Transfers, said legal title or
19  interest was intended to be  subject to the Debtor's superior
20  equitable title.
21     45.   Plaintiff is informed and believes, and thereon alleges
22  that to the extent that Defendants, or any of them, hold said
23  legal title or interest, they hold the same as the trustee of a
24  resulting trust for the benefit of the Debtor and the Estate.
25
26  ///
27  ///
28  ///

-12-

Main Document    Page 13 of 14

WHEREFORE, Plaintiff prays that judgment be entered as follows:

**ON THE FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR RELIEF:**

1. That each of the Membership Transfers be avoided;

2. That each of the Membership Transfers or the respective value thereof be recovered from each of the recipients of the transfers for the benefit of this estate; and

3. For interest thereon from the respective date of receipt of each of the Membership Transfers.

**ON THE FIFTH CLAIM FOR RELIEF:**

4. For a turnover from each of the recipients of the Membership Transfers in the sum of not less than the amount of monies received by each recipient plus interest thereon as allowed by law;

**ON THE SIXTH CLAIM FOR RELIEF:**

5. For damages in a sum to be proved at trial;

6. For interest thereon from the date of each respective transfer.

**ON THE SEVENTH CLAIM FOR RELIEF:**

7. For a declaration that Defendants hold title to the property the subject of the Membership Transfers as trustee of a constructive trust for the benefit of the Debtor and the Estate;

8. For an order compelling Defendants to convey the property the subject of the Membership Transfers to the Plaintiff or to pay

-13-

349722.01 [XP] 25184

Plaintiff the proceeds of the sale of the property the subject of the Membership Transfers.

**ON THE EIGHTH CLAIM FOR RELIEF:**

9. For a declaration that Defendants hold title to the property the subject of the Membership Transfers as trustee of a resulting trust for the benefit of the Debtor and the Estate;

10. For an order compelling Defendants to convey the property the subject of the Membership Transfers to the Plaintiff or to pay Plaintiff the proceeds of the sale of the property the subject of the Membership Transfers.

**ON ALL CLAIMS FOR RELIEF:**

11. For costs of suit incurred herein;

12. For interest according to law;

13. For all other and further relief as the Court deems just and proper.

Dated: April 20, 2010        DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
    Walter K. Oetzell
    Attorneys for R. Todd Neilson
    Chapter 11 Trustee for the
    Estate of Ezri Namvar

-14-

349722.01 [XP] 25184